UNITED STATES v. BOPP et al. (two cases).

(District Court, N. D. California, First Division.  November 11, 1916.)

Nos. 5870, 5885.

1. CONSPIRACY ☞27—OVERT ACT—NECESSITY.

 A violation of the Sherman Act (Act July 2, 1890, c. 647, 26 Stat. 209) is complete, where a conspiracy to do acts in restraint of trade is entered into, though no overt act is committed.

 [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Dec Dig. ☞27.]

2. CONSPIRACY ☞27—OVERT ACTS—NECESSITY.

 The offense denounced by Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201), declaring that if two or more persons conspire to commit any offense against the United States or to defraud the United States, and one or more such parties do any act to effect the object of the conspiracy, each shall be punished, is not completed until an overt act is committed.

 [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Dec. Dig. ☞27.]

3. CRIMINAL LAW ☞620(2)—TRIAL—CONSOLIDATION OF INDICTMENTS.

 Defendants were charged with a conspiracy to do acts in restraint of trade, in violation of the Sherman Act, and also with a conspiracy, under Criminal Code, § 37, to violate section 13 (Comp. St. 1913, § 10177), declaring that whoever, within the territory or jurisdiction of the United States, begins or sets on foot, or provides or prepares the means for, any military expedition or enterprise, to be carried on from thence against the territory or dominions of any foreign prince or state or people with whom the United States are at peace, shall be punished.  The indictment under the Sherman Act charged no overt act, but charged that the conspiracy was entered into within the district, while the indictment under section 37 charged the commission of an overt act within the district, although the contemplated activities would take a wide range.  Both conspiracies were directed against the munitions trade of the United States with France, Russia, England, and Japan, and defendants' purpose was to prevent the shipment or transportation of munitions of war to such countries, either by destroying munition plants in the United States or destroying ships and railroads outside of the United States engaged in carrying munitions.  *Held* that, as there was an identity of parties and of subject-matter, and both conspiracies were entered into in the same district, though defendants were indicted under the Sherman Act for their conspiracy against munition plants in the United States, the indictments should be consolidated and tried together for convenience.

 [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1376; Dec. Dig. ☞620(2).]

Franz Bopp and others were charged with conspiracy to do acts in restraint of trade, in violation of the Sherman Act, and with conspiracy under Criminal Code, § 37, to violate section 13, and the government moves to consolidate the two indictments.  Motion granted.

See, also (D. C.) 230 Fed. 723; (D. C.) 232 Fed. 177.

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal.

J. P. O'Brien, of San Francisco, Cal., and Samuel Platt, of Carson City, Nev., for defendants Cornell and Crowley.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George A. McGowan, of San Francisco, Cal., for defendant Von Brincken.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., for defendants Bopp and Von Schack.

DOOLING, District Judge. Each of two indictments pending in this court charges the defendants Bopp, Von Schack, Von Brincken, Van Koolbergen, Cornell, Crowley, and Smith with a conspiracy. The first, No. 5870, charges a conspiracy to do certain acts in restraint of trade, in violation of section 1 of Act July 2, 1890, c. 647, 26 Stat. 209 (Comp. St. 1913, § 8820), commonly known as the Sherman Act. The second, No. 5885, charges a conspiracy under section 37 of the Criminal Code to violate section 13 of the same Code; that is to say, a conspiracy to begin and set on foot, and provide and prepare the means for, certain military enterprises to be carried on from within the territory and jurisdiction of the United States against the territory and dominions of the king of Great Britain, a foreign prince with whom the United States was at peace. To each indictment the defendants Bopp, Von Schack, Von Brincken, Cornell, and Crowley have interposed a plea of not guilty, and the causes, being at issue, have both been set for trial for December 4th of this year.

[1-3] The government has moved that the court order that the two indictments be consolidated and tried together, under section 1024 of the Revised Statutes (Comp. St. 1913, § 1690), which is as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

This motion is resisted by the defendants.

The government claims that these indictments may be consolidated, because they come within all three of the provisions of section 1024; that is to say, that they are charges which may be properly joined, and (1) that they are against the same persons for the same acts or transactions; (2) that they are against the same persons for acts or transactions connected together; (3) that they are against the same persons for acts or transactions of the same class of crimes or offenses.

Affidavits have been presented in support of the motion and also in opposition thereto. However, the question as to whether the indictments do fall within any or all of the provisions above set forth may be determined here from an inspection of the documents themselves, unaided by any extraneous evidence. Turning to the indictments, it appears therefrom that each charges a conspiracy on the part of all the defendants and none others; that both conspiracies were entered into at the same time and place, and that each was directed against the commerce then carried on between the United States and foreign nations, particularly between the United States and France, Russia, England, and Japan, which nations were at war with Germany

and Austro-Hungary; that the ultimate purpose of each was to prevent the shipment or transportation of munitions of war to the countries last named; that the methods by which such shipment or transportation was to be prevented, as set forth in each indictment were the same, and this was to be accomplished by blowing up, by means of bombs, dynamite, and other explosives, the plants in this country that were engaged in the manufacture of such munitions of war, and various ships and railroads here and in Canada that were engaged in transporting them.

In so far as these activities were to be directed against the manufacturing plants, in this country, and railroads and ships generally engaged in the transportation of such munitions of war as were manufactured therein, it is claimed that a conspiracy existed in violation of the Sherman Act; and it is so charged in indictment No. 5870. In so far as the activities were to be directed against railroads in Canada, and certain designated ships belonging to some one or other of the nations mentioned, for the purpose of preventing the transportation of men, horses, and munitions of war to such nations, it is claimed a conspiracy existed to set on foot a military enterprise; and this is the charge contained in indictment No. 5885. This brief statement of the matters embraced in the two indictments seems to me sufficiently to show that the charges contained in them are charges for acts and transactions connected together within the meaning of section 1024, and I am also satisfied that they are such charges as may be properly joined.

In the indictment (5870) charging a violation of the Sherman Act no overt act is averred, as under that statute the offense is complete when the conspiracy is entered into. In the other indictment (5885) certain overt acts are alleged, as the offense of conspiracy under section 37 of the Criminal Code is not complete until such overt act is done by one of the conspirators to effect the object thereof. The defendants are not charged with actually having set on foot a military enterprise, but with having conspired to do so, and while the indictment alleges a conspiracy directed against railroads in Canada, and vessels belonging to the various nations, Great Britain, Russia, France, and Japan, the location of which is not given, yet this conspiracy is averred to have been entered into at San Francisco, in this district, and every overt act charged, save one, is alleged to have been committed here, so that, while the contemplated activities as charged would, if carried out, have taken a wide range, the real things against which the defendants are called upon to make defense are alleged to have occurred here. In the alleged violation of the Sherman Act the conspiracy is averred to have been entered into here. The cases, therefore, would present no more difficulty than is frequently encountered where there are several counts in a single indictment.

The government claims that there will be a great number of witnesses in attendance, whose testimony will bear directly upon the matters charged in each indictment; that the proofs offered in support of one will to a great extent support the other; and that it would be to the real interest of both the government and the defendants that both charges be heard together. Defendants contend that they will be

greatly prejudiced as to each if both indictments are tried together, for the reason that such testimony as is admissible in support of but one of the indictments would necessarily affect the minds of the jury adversely upon the other. This is not necessarily true, and may not be true at all. But to the extent that it may be true in the present instance it would seem to be true in every instance where different charges are tried together, whether embraced in a single indictment, or in two or more indictments consolidated for trial. I can conceive of no possible injury that defendants will suffer by the submission of both indictments to the same jury, and see no reason why this should not be done, and many reasons why it should. The motion will therefore be granted and the indictments consolidated for trial; and it is so ordered.

I am authorized to say that Judge HUNT, with whom I have conferred, agrees with this conclusion.